UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DE'VON L. WALKER,

        Plaintiff,

        v.                              Case No. 23-C-672

ROBERT WEINMAN, et al.,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff De'Von L. Walker, who is serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action under 42 U.S.C. §1983. On November 3, 2023, Defendants moved for partial summary judgment on the ground that Walker failed to exhaust the available administrative remedies on all but one of his claims. Dkt. No. 16. For the reasons explained below, the Court will grant Defendants' motion and dismiss the claims that Walker failed to exhaust prior to filing this lawsuit.

## BACKGROUND

On July 12, 2023, the Court screened Walker's complaint and allowed him to proceed on Eighth Amendment claims based on allegations that Defendants were deliberately indifferent to his serious medical conditions when:

- Defendants Robert Weinman, Dr. Cheryl Jean-Pierre, and Mary Moore "declined to renew Walker's prescription for Gabapentin without examining him and without prescribing an alternative medication to address the health condition for which the Gabapentin had been prescribed";

- Dr. Jean-Pierre and Moore "dismissed his complaints about the side-effects he was experiencing as a result of abruptly stopping his medication"; and

- Defendant Andrea Bleeker, Dr. Jean-Pierre, and Weinman "ignored his complaints about his shoulder injury and refused to excuse him from work despite him informing them he had only limited use of his arm."

Dkt. No. 7 at 4.

Prior to filing this lawsuit, Walker filed five inmate complaints relevant to the above claims. The **first**, WCI-2022-2615, was filed on February 9, 2022; Walker complained that he had not been seen for the discontinuation of his Gabapentin prescription. The reviewing authority dismissed the inmate complaint on March 10, 2022. Walker did not appeal the dismissal. Walker asserts that he followed the process "to the best of [his] ability . . . but due to the opaqueness of the appeal process said appeal was sent to the wrong processing operandus." Dkt. No. 18 at ¶¶1-10; Dkt. No. 29 at ¶23.

Walker timely filed his **second** inmate complaint—WCI-2022-15761—on October 19, 2022, complaining that he had been receiving inadequate medical treatment for his shoulder injury for the last eight months and that despite being told numerous times that he would be scheduled to see an orthopedic specialist, no appointment had been scheduled. The inmate complaint was dismissed, and Walker timely appealed the dismissal, thereby fully exhausting this inmate complaint. Dkt. No. 18 at ¶¶15–20.

Walker filed his **third** inmate complaint—WCI-2022-17722—on November 28, 2022, complaining that, four months earlier, his request to be excused from work because of his shoulder injury had been denied. The inmate complaint was rejected that same day because Walker had filed it long after the fourteen-day time limit. Walker explained that he had only recently learned the extent of his injury and the name of the nurse who had refused his request. Walker's explanation of why he should be excused from the time limit was rejected because neither the name of the nurse nor a formal

2

diagnosis of his injury was required to prepare the inmate complaint. Walker appealed the rejection on December 12, 2022. The reviewing authority rejected the appeal because Walker filed it outside the ten-day limit for filing an appeal. Dkt. No. 18 at ¶¶11–14.

On December 13, 2022, Walker filed his **fourth** inmate complaint—WCI-2022-18475—complaining that Nurse Megan Leberek (who is not a Defendant) had provided inadequate medical assistance for his shoulder injury nearly six months earlier, in June 2022. The inmate complaint was rejected because Walker filed it long after the fourteen-day time limit. Walker timely appealed the rejection, but the rejection was upheld. Dkt. No. 18 at ¶¶21–23; Dkt. No. 19-5.

Finally, on December 21, 2022, Walker filed his **fifth** and final inmate complaint relevant to the claims in this case. In WCI-2022-18894, Walker complained that he had received inadequate medical assistance on May 31, 2022. The institution complaint examiner's office rejected the inmate complaint because Walker filed it long after the fourteen-day time limit. Walker did not appeal the rejection. Dkt. No. 18 at ¶¶24–26.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered

3

against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Walker was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(c)(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "A prisoner's failure to exhaust administrative remedies before filing a claim is an affirmative defense, . . . [so] defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Wisconsin has established the Inmate Complaint Review System (ICRS) as the principal administrative remedy for prisoners. *See* Wis. Admin. Code DOC §310.04. Under the ICRS, a prisoner must file an inmate complaint within fourteen days after the occurrence giving rise to the complaint. DOC §310.07(2). An inmate complaint filed outside of that time period may be accepted for good cause, but an inmate must "request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.* "Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

4

Defendants have provided evidence showing that Walker fully exhausted only one of the five inmate complaints that he filed about issues in this case. Walker did not appeal the dismissal of his first inmate complaint, and he filed his third, fourth, and fifth inmate complaints long after the fourteen-day time limit set forth in DOC §310.07(2). Accordingly, Walker did not fully exhaust the first, third, fourth, and fifth inmate complaints. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.") Walker asserts in his declaration that he complied to the best of his ability and filed his inmate complaints "as [he] became aware that any complaint worthy situation or circumstance arose." Dkt. No. 29 at ¶¶23–27. But Walker's good intentions are insufficient for exhaustion purposes. He was required to follow the administrative rules, and Defendants' evidence establishes that he failed to do so.

The only inmate complaint Walker exhausted concerned his complaints of inadequate medical treatment for his shoulder. Accordingly, Walker may proceed with his claim that Bleeker, Dr. Jean-Pierre, and Weinman ignored his complaints about his shoulder injury, including failing to timely schedule him for an appointment with an orthopedic specialist. However, his claims that Weinman, Dr. Jean-Pierre, and Moore declined to renew his prescription for Gabapentin, that Dr. Jean-Pierre and Moore ignored the side-effects he was experiencing from abruptly stopping his medication, and that Bleeker, Dr. Jean-Pierre, and Weinman refused to excuse him from work must be dismissed without prejudice because Walker failed to exhaust the administrative remedies as to those claims before his filed this lawsuit.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 16). All claims other than Walker's claim that Bleeker, Dr. Jean-Pierre, and Weinman ignored his complaints about his shoulder injury are **DISMISSED without prejudice**.

Because Walker's claims against Moore have been dismissed, the clerk's office may remove her from this action.

Dated at Green Bay, Wisconsin this <u>26th</u> day of February, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge